UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                                            Case No. 16-CR-175

JASON LUDKE,

    *Defendant*.

## DEFENDANT'S MOTION TO DISMISS
## OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS

The government has accused Jason Ludke of violating 18 U.S.C. § 2339B in two ways: 1) by *conspiring* to provide material support to ISIL (Count One); and 2) by *attempting* to provide material support to ISIL (Count Two). Both counts describe the support or resources the defendant conspired and attempted to provide as "including but not limited to personnel." Ludke argues that the indictment is defective for two reasons. First, by describing the form of support as "including but not limited to personnel," the indictment fails to sufficiently inform Ludke of how he conspired and attempted to provide material support. This deficiency may be cured by a bill of particulars. Second, assuming that the support the government accuses Ludke of providing was only personnel, the indictment fails to accurately plead the offense,

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

because it does not accuse Ludke of conspiring or attempting to act at the direction or control of ISIL, or with a view to organize or direct ISIL's activities, as is required by § 2339B(h).

**1) By failing to particularize the type of support or resources Ludke allegedly attempted and conspired to provide, the indictment fails to give adequate notice.**

Rule 7(f) of the Federal Rules of Criminal Procedure allows for the filing of a bill of particulars, that is, a more specific expression of the activities that the defendant is accused of having engaged in which are illegal. *United States v. Canino*, 949 F.2d 928, 948 (7th Cir. 1991). The purpose of a bill of particulars is to provide the defendant with sufficient information about the charges in order to prepare an adequate defense and to protect the defendant against double jeopardy. *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991).

In determining whether a bill of particulars is required, the Court should consider whether the indictment sufficiently apprises the defendant of the charges in order to enable him to prepare for trial. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). However, "a defendant has no right to discover, through a bill of particulars, the evidentiary details of the government's case." *United States v. Brock*, 863 F. Supp. 851, 867 (E.D. Wis. 1994) (*citing Glecier*, 923 F.2d at 501-02). A bill of

particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form. *Canino*, 949 F.2d at 949 (citation omitted). The government's open file policy may constitute an adequate satisfactory form of information retrieval, making a bill of particulars unnecessary in some circumstances. *Id*; s*ee also United States v. Balsiger*, 644 F. Supp. 2d 1101, 1111-1113 (E.D. Wis. 2009).

**a) A bill of particulars is necessary to adequately inform Ludke of the charges against him and to protect against double jeopardy.**

Courts have required the government to provide a bill of particulars in similar cases. In *United States v. Rana*, No. 09-cr-830-8 (N.D. Ill.), the defendant was charged, like Ludke, with providing material support to a Foreign Terrorist Organization (FTO). *Id*. at Docket No. 57. Rana sought a bill of particulars specifying the type of support he was alleged to have provided and if personnel, to identify that personnel. *Id*. The court ordered the government to provide that information. *Id*. at Docket No. 99.

In *United States v. Warsame*, 537 F. Supp. 2d 1005 (D. Minn. 2008), the district court found that a bill of particulars was appropriate in a § 2339B prosecution because "a more precise description of the material support allegedly provided" was required. *Id*. at 1011. There, the government provided a bill of particulars specifically
3

identifying each form of support and how the defendant was alleged to have provided that type of support. For example, the bill of particulars alleged that the defendant provided personnel to Al Qaeda by "voluntarily participating in an Al Qaeda training camp in Afghanistan." *Id*. at 1011. It also alleged that he provided currency by sending money to an Al Qaeda training camp instructor and that he provided training by giving English language lessons to Al Qaeda members in Pakistan. *Id*.

In *United States v. Taleb-Jedi*, 06-CR-652 (BMC) at Docket No. 70 (E.D. New York, July 28, 2008), the court denied the defendant's request for a bill of particulars because the government "explicitly stated . . . that it is only relying on personnel for the Indictment."

The same reasoning supports the issuance a bill of particulars in this case. Section 2339A lists thirteen forms of support or resources that are prohibited. Most "material support" indictments specify the form of support the defendant is accused of providing. The indictment in this case is bare bones and tracks the statutory language of § 2339B. While it identifies "personnel" as a type of support Ludke conspired and attempted to provide, the indictment suggests that other forms of support or resources were also involved: i.e., that the support "included, but [was] not limited to, personnel." Docket No. 5. Without more, Ludke has no way of

4

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

knowing what that other support might be. *See Russell v. United States*, 369 U.S. 749, 765 (1962) (an indictment "must state the species, -- it must descend into the particulars." ). Of course, it's possible the indictment's "including but not limited to" language was thrown in as a catch-all. But the government does not appear to have any evidence beyond personnel, and Ludke should not have to guess.

### b) A bill of particulars is also necessary to identify the other conspirators

In a similar vein, the indictment alleges that Ludke and Padilla-Conde conspired not just with each other, but with others, both known and unknown, to provide material support. Neither the indictment nor the discovery identify who those others are. While the discovery is replete with communications (mostly from social media) between Ludke and other individuals, those communications consist of approximately 24,000 pages of communications between Ludke and hundreds of people.

In this district, the defendant is routinely granted particularization with respect to the names of unindicted co-conspirators. *See, e.g., United States v. Buske*, 2010 WL 3023366 at 8 (E.D. Wis. 2010); *United States v. Barnes*, 2010 WL 1418874 at 12-13 (E.D. Wis. 2010); *United States v. Urbina, et. al.*, 06-CR-336 at Docket No. 275 (E.D. Wis.) ("In a case such as this where numerous individuals are named in the discovery . . . it is

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

important that a defendant understand which of those persons the government alleges were part of the conspiracy."); *United States v. Knowles*, 2 F. Supp. 2d 1135, 1141 (E.D. Wis. 1998) (disclosing the names of unindicted coconspirators to the defendant provides "the information [that] is necessary to clarify the parameters of the charged conspiracy.").

Ludke also seeks the date on which each alleged member of the conspiracy joined as that information also is necessary to clarify the parameters of the charged conspiracy and to determine what statements the government might seek to admit under Rule 801(d)(2)(E).

Only with the co-conspirators' identities, the dates they joined the conspiracy, and particularization as to the type of support Ludke is alleged to have conspired and attempted to provide, can Ludke present a defense to the precise conduct the grand jury indicted him on. As the Supreme Court noted long ago, one of the overarching purposes underlying the particularity requirement of an indictment "is to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." *United States v. Cruikshank*, 92 U.S. 542, 544 (1875). Without knowing what offense the grand jury indicted and what conduct they found unlawful, it is impossible to determine whether a verdict will conform to the charged offenses. A bill of particulars here will satisfy that problem.

FEDERAL DEFENDER SERVICES

OF WISCONSIN, INC.

**c) Because this case subjects a citizen's religious speech to criminal prosecution and punishment, a heightened standard of accusatory notice is required.**

A constant tension in many material support cases is the fine line between protected speech and unprotected speech. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 26 (2010); *United States v. Warsame*, 537 F. Supp. 2d 1005, 1013 (D. Minn. 2008); *United States v. Nagi*, No. 15-CR-148-A, 2017 WL 2240258, at *5 (W.D.N.Y. May 23, 2017) ("Congress drew a constitutional line between permissible and prohibited speech"). The evidence against Ludke comes largely from his own words. After all, he is not alleged to have actually provided material support, but to have conspired and attempted to provide support. Ludke, at the urging of an undercover FBI agent, pledged his allegiance to ISIL, his disdain for "kuffir" and his desire for "Jannah." As a result, this case implicates Ludke's First Amendment right of speech and association.

In areas where an indictment alleges speech as a crime, the First Amendment requires courts to distinguish protected speech from unprotected speech. *See e.g., Watts v. United States*, 394 U.S. 1399, 1401 (1969) (addressing threats). The same is true in the context of a civil defamation action. *Schindler v. Marshfield Clinic*, 2007 WL 60924, *11 (W.D. Wis. Jan. 4, 2007). Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to plead facts sufficient to put the defendant on notice of the claim against

7

FEDERAL DEFENDER SERVICES

OF WISCONSIN, INC.

him. In defamation actions, courts require the plaintiff to plead the defamatory words with specificity. *Id.*

The civil pleading standard applicable to defamation claims is relevant to the criminal pleading standard that should apply to prosecutions based on speech because the civil pleading standards are not all that different from the criminal indictment standards. In a civil suit, the plaintiff must plead sufficient details "to the extent necessary to enable the defendant to respond and to raise an appropriate defense." 50 Am. Jur. 2d Libel and Slander § 417; *see also Liguori v. Alexander*, 495 F. Supp. 641, 647 (D.C.N.Y. 1980) (a complaint alleging defamation must afford the defendant sufficient notice of the communications complained of to enable him to defend himself). In a criminal case and as highlighted above, an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). And similar to a sufficient civil complaint, a criminal indictment must provide sufficient detail to permit the preparation of a defense. *See Wong Tai v. United States*, 273 U.S. 77 (1927). Therefore, if courts have found that a civil defendant cannot "respond and raise an appropriate defense" without the specific words of defamation being specifically plead, then a court should not find that an indictment contains all of the "essential facts constituting the offense

charged" when it does not specifically reference how a defendant attempted to or conspired to provide material support.

For those reasons, the government should be required to disclose in its bill of particulars, the specific statements from Ludke that reflect an attempt or conspiracy to provide material support to ISIL.

**2) The Indictment fails to sufficiently plead the offense.**

Section 2339B(a)(1) makes it unlawful to "provide . . . material support or resources to a foreign terrorist organization, or attempt . . . or conspire . . . to do so." Material support or resources is defined in § 2339A and lists thirteen forms of support or resources, including "personnel." In 2004, Congress passed the Intelligence Reform and Terrorism Prevention Act (IRTPA), which amended § 2339B in several key ways. Relevant here, IRTPA responded to several vagueness and overbreadth challenges by limiting the scope of "personnel" under § 2339B. Specifically, § 2339B(h) provides that a prosecution under the "personnel" provision of 2339B requires the government to prove that the defendant "has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise or otherwise direct the operation of that

9

FEDERAL DEFENDER SERVICES

OF WISCONSIN, INC.

organization." This provision further provides that the ban on "personnel" does not criminalize the conduct of "[i]ndividuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives." *Id.*

The indictment in this case fails to plead the statutory requirements of § 2339B because, to the extent it alleges "personnel" as the form of support, it does not allege that Ludke attempted to "work under [ISIL's] direction or control" or "organize, manage, supervise or otherwise direct the operation of [ISIL]." As a result, the indictment is facially insufficient and should be dismissed. *See United States v. Palumbo Bros.*, 145 F.3d 850, 860 (7th Cir. 1998) ("An indictment must set out all the essential elements of the crimes alleged and each basis for conviction must be clearly set out in the indictment.").

### 3) Conclusion

Jason Ludke seeks a bill of particulars to particularize the type of support the government alleges he conspired and attempted to provide, and to inform him of the identities of unindicted coconspirators. To the extent that "personnel" is the type of support alleged in the indictment, Ludke moves to dismiss the indictment because the indictment fails to plead the statutory requirements of § 2339B.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2017.

10

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Respectfully submitted,

**/s/ Joshua D. Uller**
Joshua D. Uller, Bar No. 1055173
FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, Wisconsin 53202
Telephone: 414-221-9900
Fax: 414-221-9901
E-mail: joshua_uller@fd.org

**/s/ Tom Phillip**
Tom Phillip, Bar No. 1023113
FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
801 E. Walnut Street
Green Bay, Wisconsin 54301
Telephone: 920-221-9900
Fax: 920-221-9901
E-mail: tom_phillip@fd.org

*Counsel for Defendant,* Jason Ludke

11

FEDERAL DEFENDER SERVICES

OF WISCONSIN, INC.