UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        Plaintiff,

                      Case No. 16-CR-175

    v.

**JASON MICHAEL LUDKE,**
    a/k/a "Muhammad Nassir,"
    a/k/a "Muhammad Abdun Naasir
    al-Hannafi,"
    a/k/a "Abuz Sayyaf," and

**YOSVANY PADILLA-CONDE,**
    a/k/a "Saadiq Ibn Abbas,"
    a/k/a "Saadiq Padilla,"

        Defendants.

---

## CIPA SECTION 4 ORDER

### UNCLASSIFIED ORDER APPROVING DELETION OF CLASSIFIED MATERIALS FROM DISCOVERY PURSUANT TO CIPA SECTION 4 AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

This matter has come before the Court on the Government's Classified *In Camera*, *Ex Parte* Motion for an Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, filed October 6, 2017 (CIPA Motion). Having reviewed the Government's CIPA Motion and attachments and the relevant law, and being fully advised in the premises, the Court concludes that good cause exists for granting the motion of the United States. After *ex parte*, *in camera* inspection and consideration of the Government's motion and attachments, the Court concludes that:

1. Defendant Jason Michael Ludke is charged in an indictment with one count of Conspiring To Provide Material Support to a Foreign Terrorist Organization and one count of Attempting To Provide Material Support to a Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B. Defendant Yosvany Padilla-Conde is charged in the same indictment with one count of Conspiring To Provide Material Support to a Foreign Terrorist Organization and one count of Aiding and Abetting an Attempt To Provide Material Support to a Foreign Terrorist Organization, in violation of 18 U.S.C. §§ 2339B and 2.

2. On October 6, 2017, the United States of America, by and through its attorneys of record, moved, *ex parte*, *in camera* and under seal, pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3, and Fed. R. Crim. P. 16(d)(1), for authorization to "delete" from discovery certain classified materials (the Classified Materials). The Government seeks to delete the Classified Materials from discovery because they are not both relevant and helpful to the defense, and because their unauthorized disclosure at this time has the potential to cause serious damage to the national security.

3. Through the declaration of a United States Government official, the Government submitted with the CIPA Motion, the Government has properly invoked its classified information and national security privilege with respect to the Classified Materials.

4. The CIPA Motion was properly filed *ex parte*, *in camera*, for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte*, *in camera*, review of the classified CIPA motion, declaration, and attachments.

5. The disclosure of the Classified Materials at this time would cause serious damage to the national security.

6. The "relevant and helpful" standard adopted to CIPA Section 4 in *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) (and originally articulated in *United States v. Roviaro*, 353 U.S. 53 (1975)), is the appropriate standard by which to analyze the discoverability of classified information where, as here, the government has properly invoked the national security and classified information privilege. To this end, the Court finds that in applying the *Yunis/Roviaro* standard, none of the Classified Materials is "relevant and helpful to the defense." This order applies to each of the Government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

7. Because the Classified Materials are not both relevant and helpful to the defense, the Court need not balance the government's national security interest against the defendants' need to access to the materials.

Accordingly, pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. 3, and Fed. R. Crim. P. 16(d)(1), **IT IS HEREBY ORDERED** that:

1. The CIPA Motion is hereby **GRANTED**.

2. The Classified Materials shall be deleted from discovery and shall not be disclosed to defendant, his counsel, or the public.

3. The CIPA Motion and attachments are hereby **SEALED** and shall be retained in accordance with established security procedures until further order of this Court.

**SO ORDERED**,

DATE: October 19, 2017

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge