UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                  Case No. 16-CR-175

JASON MICHAEL LUDKE,
    a/k/a "Muhammad Nassir,"
    a/k/a "Muhammad Abdun Naasir
    al-Hannafi,"
    a/k/a "Abuz Sayyaf," and

YOSVANY PADILLA-CONDE,
    a/k/a "Saadiq Ibn Abbas,"
    a/k/a "Saadiq Padilla,"

        Defendants.

**GOVERNMENT'S RESPONSE TO DEFENDANT JASON MICHAEL LUDKE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin; Paul L. Kanter, Assistant United States Attorney; and Jolie F. Zimmerman, Trial Attorney, United States Department of Justice, respectfully submits this Response to Defendant Jason Michael Ludke's Motion to Dismiss or, in the Alternative, for a Bill of Particulars (ECF No. 41) (Motion to Dismiss).

## INTRODUCTION

The government respectfully submits that defendant's motion should be denied. As explained below, there is no reason to dismiss the Indictment or to require a bill of particulars. First, the Indictment states all the elements of the offenses and provides adequate notice; it, along

1

with the other material available to the defense to date, provides ample information for defendant to prepare himself for trial and protect against potential double jeopardy in the future. Second, the Indictment sufficiently pleads the charged offenses. The requirement that, when the material support or resources is "personnel," the defendant have knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with one or more persons to work under the terrorist organization's "direction or control" is not an element of the offense and need not be pled in the Indictment. Third, a bill of particulars is unnecessary in this case. Defendant's request is no more than a veiled attempt to explore the government's list of witnesses and the evidentiary details of its case.

## PROCEDURAL HISTORY

Defendant Ludke is charged in an Indictment with one count of conspiring to provide material support to a foreign terrorist organization (FTO) and one count of attempting to provide material support to an FTO, in violation of 18 U.S.C. § 2339B. Defendant Yosvany Padilla-Conde is charged in the same Indictment with one count of conspiring to provide material support to an FTO and one count of aiding and abetting an attempt to provide material support to an FTO, in violation of 18 U.S.C. §§ 2339B and 2. On July 6, 2017, the Court issued a scheduling order in this case, which provides that any pretrial motions be filed by October 6, 2017, and any responses by November 6, 2017. ECF No. 33 (July 6, 2017 Order) 1. No trial date has been set.

The government has adhered to its "open file" discovery policy in this case, consistent with its national security obligations. To date, the government has provided the defense with seventeen discovery compact discs. The discovery includes: (1) reports of law enforcement interviews; (2) the results of searches of the defendants' email and social media accounts, apartment, and phones, as well as the vehicle in which defendants were traveling; (3) forensic images and reports related

2

to examinations of defendants' phones; (4) photographs of physical evidence; (5) recordings of body cameras and dashboard cameras used by police officers during the arrest; (6) recordings of statements made by Defendant Padilla-Conde; (7) reports and recordings related to communications between the defendants and FBI undercover employees and a confidential human source; and (8) videos made by the defendants in which they express their support of the Islamic State of Iraq and the Levant (ISIL).

## ARGUMENT

I. **The Indictment Is Legally and Constitutionally Sufficient.**

    A. **Legal Standards**

Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). Moreover, for an indictment to be constitutionally sufficient, it must accomplish three functions: (1) state each of the elements of the crime charged; (2) provide adequate notice of the charge(s) so that the defendant may prepare a defense; and (3) protect against double jeopardy in a potential future prosecution. *United States v. Fassnacht*, 332 F.3d 440, 444-45 (7th Cir. 2003) (citations omitted). "Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Russell v. United States*, 369 U.S. 749, 765 (1962).

Although "an indictment must do more than recite the statutory elements," the government is not "required to provide 'every factual nugget necessary for conviction.'" *Fassnacht*, 332 F.3d at 445 (quoting *United States v. Smith*, 230 F.3d 300, 306 (7th Cir. 2000)). The Seventh Circuit has warned against reviewing an indictment for sufficiency in a "hyper-technical manner,"

3

*Fassnacht*, 332 F.3d at 445, and has cautioned that "the presence or absence of any particular fact need not be dispositive of the issue." *Id.* (quoting *Smith*, 230 F.3d at 305). It is generally acceptable for an indictment to track the language of the statute, as long as the tracked language sets forth all of the necessary elements of the offense. *Fassnacht*, 332 F.3d at 445 (citing *Smith*, 230 F.3d at 305; *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981)).

### B. The Indictment States Each of the Elements of the Charged Offenses.

The Indictment charges Defendant Ludke with two counts of violations of Title 18, Untied States Code, Section 2339B. The elements that the government must prove to sustain a conviction under this section are:

(1) The defendant knowingly provided, attempted to provide, or conspired to provide material support or resources to a the organization described in the indictment (here, ISIL);

(2) The FTO (ISIL) was a designated foreign terrorist organization;

(3) The defendant acted knowingly, that is (a) the defendant acted knowingly and intentionally and (b) the defendant knew that the organization was a designated terrorist organization, that it engaged or engages in terrorist activity, or that it engaged or engages in terrorism; and

(4) The offense occurred within the jurisdiction of the United States.

*United States v. Ahmed*, 94 F.Supp.3d 394, 423 (E.D.N.Y. 2015).

Count One of the Indictment charges, in pertinent part: "in the state and Eastern District of Wisconsin and elsewhere," the defendants "did unlawfully and knowingly combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to provide 'material support and resources,'" "including but not limited to personnel," to ISIL,

4

"which at all relevant times was designated by the Secretary of State as a foreign terrorist organization," "knowing that ISIL was a designated foreign terrorist organization, that ISIL engages and has engaged in terrorist activity, and that ISIL engages and has engaged in terrorism." Indictment (ECF No. 5) at 1-2. Count Two of the Indictment charges, in pertinent part: "in the state and Eastern District of Wisconsin and elsewhere," Defendant Ludke, "while being aided and abetted by others known and unknown," "did unlawfully and knowingly attempt to provide 'material support or resources,'" "including but not limited to personnel," to ISIL "which at all relevant times was designated by the Secretary of State as a foreign terrorist organization," "knowing that ISIL was a designated foreign terrorist organization, that ISIL engages and has engaged in terrorist activity, and that ISIL engages and has engaged in terrorism." *Id.* at 3-4. Accordingly, the Indictment states each of required elements of the charged crimes. The indictment further specifies that the defendant conspired and attempted to provide material support in the form of "personnel."

To the extent that defendant has been left guessing as to whether there are other types of support and resources that the government is alleging he conspired and attempted to provide to ISIL (*see* Motion to Dismiss at 4-5), the government will end the suspense now: the only type of support and resources that the government is alleging that defendant conspired and attempted to provide to ISIL is personnel.

  **C.** **The Indictment Provides Adequate Notice So That Defendants May Prepare a Defense, and Protection Against Possible Double Jeopardy.**

"[T]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *Fassnacht*, 332 F.3d at 446 (quoting *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)) (other citation omitted). Beyond the elements, the

5

indictment need only contain "enough factual information to enable the defendant[] to identify the conduct on which the government intends to base its case." *Fassnacht*, 332 F.3d at 446.

Here, in addition to stating each of the required elements of the charged offenses, the Indictment identifies at least one co-conspirator of Ludke's (Padilla-Conde); delineates the specific type of material support (personnel); names the FTO at issue (ISIL); and includes a very narrow range—a mere nine-day period—of the approximate dates of the offenses ("[b]eginning on a date unknown, but no later than September 27, 2016, and continuing through October 6, 2016") and their location ("in the state and Eastern District of Wisconsin and elsewhere"). Indictment (ECF No. 5) at 2-4. Courts in other jurisdictions have upheld the legal and constitutional sufficiency of similar indictments. *See, e.g., United States v. Ahmed*, 94 F.Supp.3d 394, 424-25 (E.D.N.Y. 2015) (indictment charging violations of 18 U.S.C. § 2339B held sufficient where it "tracks the language of the relevant statutes, identifies the terrorist organization in question [], and states, in approximate terms, the time in which the offense charged are alleged to have occurred, and the place (within the territorial jurisdiction of the United States) of the alleged crimes"); *United States v. Naseer*, 38 F.Supp.3d 269, 273-74 (E.D.N.Y. 2014) (indictment charging violations of 18 U.S.C. § 2339B held sufficient where it tracked statutory language, identified relevant FTO and other members of conspiracy, and included dates and a location that "literally spans the globe"); *United States v. Hashmi*, No. 06 Crim. 442(LAP), 2009 WL 4042841, *3-*4 (S.D.N.Y. Nov. 18, 2009) (indictment charging violations of 18 U.S.C. § 2339B held sufficient where it tracked statutory language, specified types of material support or resources provided, and provided a "fairly narrow date range of approximately two and a half years" during which defendant's conduct allegedly occurred); *United States v. Taleb-Jedi,* 566 F.Supp.2d 157, 165 (E.D.N.Y. 2008) (indictment charging violations of 18 U.S.C. § 2339B held sufficient where it included statutory language,

6

specified FTO at issue, and listed type of material support allegedly provided ("including personnel") and approximate time span and locations of offense); *cf. United States v. Awan*, 459 F.Supp.2d 167, 175-76 (E.D.N.Y. 2006) (indictment charging violations of 18 U.S.C. § 2339B held constitutionally insufficient where it used "generic expression 'material support,' as defined in 18 U.S.C. § 2339A(b)," without specifying which type of support). The result should be no different in this case.

**II.      Subsection (h) of Section 2339B Is a Definitional Provision Not Required to Be Pled in the Indictment.**

Defendant Ludke argues that the Indictment is deficient because, to the extent it alleges that he conspired and attempted to provide personnel as material support to ISIL, the Indictment is required to allege, pursuant to subsection (h) of Section 2339B, that defendant conspired and attempted to provide such personnel to work under ISIL's "direction or control," which it fails to do. Motion to Dismiss (ECF No. 41) at 9-10. The government respectfully disagrees. Defendant's argument has been considered and rejected by at least three district courts. *See United States v. Shafi*, 252 F.Supp.3d 787, 792-98 (N.D. Cal. 2017) (holding that subsection (h) is a definitional provision rather than an essential element of the offense); *United States v. Pugh,* No. 15-CR-116 (NGG), 2015 WL 9450598, *7-*11 (E.D.N.Y. December 21, 2015) (same); *United States v. Ahmed*, No. 15-49 (MJD/FLN), 2015 U.S. Dist. LEXIS 171561, *6-*7 (D. Minn. Sept. 1, 2015) (holding that subsection (h) is not an element but an affirmative defense). This court likewise should hold that subsection (h) is not an element of the offense and need not be pled in the Indictment.

7

## A. Legal Standards

Defendant has been charged with conspiring and attempting to provide "material support or resources" to an FTO, in violation of 18 U.S.C. § 2339B. "Material support or resources" is defined in subsection (a)(1) of Section 2339A as:

> any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safe houses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.

18 U.S.C. § 2339A(a)(1). In 2004, as part of the Intelligence Reform and Terrorism Prevention Act (IRTPA) of 2004, Pub. L. No. 108-458, § 6603, 118 Stat. 3638, Congress amended Section 2339B to add subsection (h), which clarifies what "personnel" means in the context of a prosecution under Section 2339B. Subsection (h) of Section 2339B provides:

> (h) Provision of personnel.—No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that /organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals and objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

18 U.S.C. § 2339B(h). If subsection (h) were found to be an element of the offense, Defendant Ludke would be correct in his argument that the Indictment is insufficient. *See United States v. O'Brien*, 560 U.S. 218, 224 (2010) ("Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt."). Subsection (h), however, is not an element but a definitional provision that is not required to be pled in the Indictment.

8

"'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243, 2248 (2016) (citing Black's Law Dictionary 634 (10th ed. 2014)). "At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant, and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Mathis*, 136 S.Ct. at 2248 (citations omitted). "The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute." *Liparota v. United States*, 471 U.S. 419, 424 (1985) (citing *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)); *see Almendarez-Torres v. United States*, 523 U.S. 524, 228 (1998) ("Within limits, *see McMillan v. Pennsylvania*, 477 U.S. 79, 84–91 … (1986), the question of which factors are which is normally a matter for Congress."). Accordingly, in determining whether a statutory provision is an element, courts look to the statutory language and legislative history. *Almendarez-Torres*, 523 U.S. at 228-30 & 234; *see United States v. McArthur*, 108 F.3d 1350, 1353 (11th Cir. 1997); *United States v. Durrani*, 835 F.2d 410, 420 (2d Cir. 1987); *Shafi*, 252 F.Supp.3d at 793 ("The analysis begins with the wording and structure of the statute itself.") (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)).

    **B.**    **Application to Subsection (h) of Section 2339B**

Here, "[t]he fairest reading of Section 2339B(h) suggests that its limitations on the meaning of 'personnel' are definitional—not ... an essential element." *Pugh*, 2015 WL 9450598 at *8. In particular, the "statutory features" of subsection (h) show that it defines the term "personnel" as used in Section 2339A(b)(1). *Id*. First, subsection (h) uses the phrase "the term 'personnel,'" with "personnel" in quotation marks, indicating that subsection (h) refers back to the term "personnel" as used in Section 2339A(b)(1)—the "definitions" subsection of Section 2339A. *Shafi*, 252

9

F.Supp.3d at 793; *Pugh*, 2015 WL 9450598 at *8. Second, the structure of subsection (h) shows that it is a clarification of Section 2339B(a)(1) that is intended to limit the breadth of its reach. *See Shafi*, 252 F.Supp.3d at 793-94; *Pugh*, 2015 WL 9450598 at *8. As the *Shafi* Court reasoned, "Construing subsection (h) as an element would be largely redundant because it simply modifies the meaning of the word 'personnel' as [applied to] subsection (a). In this way, subsection (h) functions in the same way a statutory definition section does." 252 F.Supp.3d at 793-94.

The amendment's legislative history further supports the conclusion that subsection (h) is a definitional provision. *See Shafi*, 252 F.Supp. at 795 (House Judiciary Subcommittee summary and discussion of amendment that added subsection (h) "explained that it had done so in order to 'more clearly define[] the term material support.'") (quoting H.R. Rep. No. 108-724, pt. 5, at 173, and pt. 6 at 174 (2004) (2d Sess. Nov. 16, 2004)) (alterations in original); *see also Ahmed*, 2015 LEXIS 171561 at *6-*7 ("that the subsection was intended to clarify the scope of § 2339B weighs in favor of a finding that the additional statutory language created an exception to the offense, rather than an element of the offense").

Moreover, many courts have described subsection (h) as definitional. *See Pugh*, 2015 WL 9450598 at *9-*10 (citing cases); *Shafi*, 252 F.Supp.3d at 796 (citing cases). Cases cited by the *Pugh* Court include: *Holder v. Humanitarian Law Project*, 561 U.S. 1, 21 (2006) ("Congress also took care to add narrowing definitions to the material-support statute over time," including subsection (h), which "clarif[ied]the scope of 'personnel.'"); *id.* at 23 (referring to subsection (h) as "a limiting definition" of "personnel"); *United States v. Augustin*, 661 F.3d 1105, 1121 (11th Cir. 2011) ("we first observe that it is not clear that the definition of personnel provided under § 2339B applies equally to § 2339A"); *United States v. Farhane*, 634 F.3d 127, 150 (2d Cir. 2011) (subsection (h) "clarif[ies] that what is proscribed is the provision of personnel 'to work under'

10

the 'direction [or] control' of a terrorist organization"); *United States v. Stewart*, 590 F.3d 93, 118, n.21 (2d Cir. 2009) (referring to subsection (h) as a provision that "defined" the term "personnel" "in more detail" and as an "amended definition"); *United States v. Kashmiri*, No. 09-CR-830-8, 2012 WL 3779107, at *4 (N.D. Ill. Aug. 30, 2012) ("18 U.S.C. § 2339B refines the definition of 'personnel.'").

Because subsection (h) is a definitional provision and not an element of the offense, the Indictment was not required to have pled that Defendant Ludke conspired and attempted to provide personnel to work under ISIL's direction and control. *See Shafi*, 252 F.Supp.3d at 798-800; *Pugh*, 2015 WL 9450598, at *13 ("courts have routinely accepted indictments that, with regard to the 'material support or resources' element[,] only allege that the defendant provided personnel to an FTO") (citing cases); *see also* discussion *supra* at part I. The government nonetheless acknowledges that the jury will need to be instructed on subsection (h) in clarifying what is meant by "personnel," and that the government will have to establish facts from which the jury can find that the defendant conspired and attempted to provide ISIL with individuals to work under ISIL's direction or control.[1]

## III. There Is No Need for a Bill of Particulars

Defendant Ludke argues that a bill of particulars is required because the Indictment does not give him adequate notice. Motion to Dismiss at 2-9. On the contrary, the Indictment, combined with the criminal complaint and accompanying affidavit, as well as the substantial discovery

---

[1] As the means of material support or resources at issue (here, personnel) is not an element of the offense, *see supra* at part I.B., it follows *a fortiori* that a definition clarifying the scope of "personnel" also is not an element.

11

produced in this case, has given defendant more than adequate notice. A bill of particulars is not warranted in this case.

### A. The Law on Bills of Particulars

The Seventh Circuit's bill-of-particulars analysis is similar to its constitutional sufficiency-of-the-indictment analysis—"in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008) (citations omitted). "Information relevant to the preparation of a defense includes the elements of each charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated." *Id.* (citing *Fassnacht*, 332 F.3d at 446). A motion for a bill of particulars should be denied "where the indictment sets forth elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense." *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003). Even if an indictment fails to provide the necessary information, "a bill of particulars is nonetheless unnecessary if the information is available through some other satisfactory form, such as discovery." *Blanchard*, 542 F.3d at 1140 (citations and internal quotation marks omitted); *see Hashmi*, 2009 WL 2022841 at *12 ("defendant's notice of the specific acts for which he was charged must be evaluated in light of all the information he has received from the Government").

"A defendant has no right to discover, through a bill of particulars, the evidentiary details of the government's case." *United States v. Brock*, 863 F.Supp. 851, 857 (E.D. Wis. 1994) (citing *United States v. Glecier*, 923 F.2d 496, 501–02 (7th Cir.1991)) (The Constitution does "not require the government to reveal the details of how it plans to prove its case."). Nor should a bill of particulars compel the government to reveal its theory of the case. *Glecier* 923 F.2d at 502; *United*

12

*States v. Johnson*, 504 F.2d 622, 628 (7th Cir.1974) ("It is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses, or evidentiary detail."). Whether to require a bill of particulars in a given case is within the discretion of the trial court. *See Fassnacht*, 332 F.3d at 446-47; *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991).

> **B.** **Application to the Facts of This Case.**
>
> > **1.** **The Information Available to Defendant—the Indictment, Criminal Complaint, and Discovery—Obviates the Need for a Bill of Particulars.**

In the instant case, the Indictment is more than sufficient to inform Ludke of the charges against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. *See supra* at part I. To the extent the Indictment is not adequate, the combination of the Indictment, the criminal complaint and accompanying affidavit, and the discovery defendant has received certainly supports the conclusion that a bill of particulars is not warranted. *See Pugh*, 2015 WL 9450598 at *27-*28.

The government initially charged the defendants by criminal complaint, which included as an attachment an affidavit detailing the circumstances surrounding the charged crimes and outlining the government's theory of the case. *See* Criminal Complaint (ECF No. 1); *see also United States v. Thomas*, Crim. No. 15-171, 2016 WL 3148204, *1 (E.D. Pa. June 2, 2016) ("Defendant's Motion does not address the Criminal Complaint and accompanying affidavit [of the FBI Special Agent] extensively specifying Defendant's alleged conduct"); *Pugh*, 2015 WL 9450598 at *28. Moreover, the government has followed its traditional "open file policy" under Criminal Local Rule 16 and has produced substantial discovery, including all materials subject to this policy, to the defense. As in *Blanchard*, defendant has "ample access to the information necessary to prepare his defense," having received "extensive pretrial discovery," including the

13

results of searches of his and his co-defendant's email and social media accounts, residence, and telephones; reports of interviews, including those of his co-defendant; recordings of his statements and those of his co-defendant; and forensic reports and images; among other things. *See* 542 F.3d at 1140.

The case cited by defendant that is most analogous to this case is *United States v. Taleb-Jedi*, in which the court denied defendant's request for a bill of particulars. *See Taleb-Jedi*, 06-cr-652 (BMC) at Docket No. 69 (Memorandum and Order, July 23, 2008); 566 F.Supp.2d 157, 160, n.1 (E.D.N.Y. 2008). In *Taleb-Jedi*, as here, the government initially charged the defendant by a detailed complaint and then by an indictment that tracked the charging language. *See Taleb-Jedi*, 06-cr-652 (BMC) at Docket No. 1 (E.D.N.Y. March 31, 2006) (Affidavit in Support of Arrest Warrant) & No. 20 (E.D.N.Y. September 29, 2006) (Indictment). The *Taleb-Jedi* indictment was similar to the one filed in this case, listing the alleged material support and resources as "including personnel (herself)." 566 F.Supp.2d at 165. In *Taleb-Jedi*, as here, the government confirmed that the only type of material support that it would be proving at trial was personnel. 566 F.Supp.2d at 166. In addition to denying the defendant's motion for a bill of particulars, *see Taleb-Jedi*, 06-cr-652 (BMC) at Docket No. 69 (Memorandum and Order, July 23, 2008), the court also upheld the indictment, finding that it "meets the standard for specificity and provides defendant with adequate notice of the charges." 566 F.Supp.2d at 166.[2]

---

[2] The other cases cited by defendant are readily distinguishable. In *United States v. Rana*, No. 09-cr-830-8 (N.D. Ill.), there is no indication in the docket that the government objected to the defendant's motion for a bill of particulars. In *United States v. Warsame*, No. 04-cr-00029-JRT-FLN-1 (D. Minn.), the original indictment did not list the type of material support and resources the government alleged Warsame had provided at all.

14

### 2. The Indictment Is Not Required to Identify Other Conspirators.

Defendant argues that a bill of particulars is necessary to identify the other conspirators. Motion to Dismiss at 5-6. In fact, an indictment is not required to identify co-conspirators. *Ahmed*, 94 F.Supp.3d at 431; *Hashmi*, 2009 WL 4042841 at *4; *see Fassnacht*, 332 F.3d at 445 ("the presence or absence of any particular fact need not be dispositive of the issue"); *United States v. Balogun*, 971 F.Supp. 1215, 1227 (N.D. Ill. 1997) ("bill of particulars cannot be used to explore the government's list of witnesses or the evidentiary details of its case") (citing *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)).[3]

### 3. No Heightened Standard of Notice Is Required.

Despite defendant's claims (Motion to Dismiss at 7-9), this case is not a prosecution based on defendant's speech. It is a prosecution based on his actions and intended actions. It is true that defendant's words may be proof of his alleged crimes, but they do not constitute crimes themselves. This case is thus very different than a threats case, let alone a civil defamation action.

---

[3] The cases cited by defendant in support of this request are handily distinguishable. Two of these cases were far more complex, with many more defendants and counts than are charged here and lengthy and/or complex conspiracies. In *United States v. Barnes*, No. 09-CR-248, 2010 WL 1418874, *12-*13 (E.D. Wis. Apr. 7, 2010), the indictment consisted of 40 counts against 40 defendants and charged a conspiracy lasting approximately three years—a completely different scenario than here, where there are two defendants charged in a three-count indictment that includes a nine-day conspiracy. In *United States v. Urbina, et al.*, 06-CR-336 (E.D. Wis. 2006), the indictment consisted of 16 counts against 17 defendants, and the case was designated as complex. Order Regarding Defendant[s'] Non-Evidentiary Pretrial Motions (July 31, 2007) (ECF No. 275) at 1. The other two cases are money laundering cases, which are known to be complex. In *United States v. Buske*, the government failed to file a response to defendant's motion for a bill of particulars seeking venue information with respect to three counts, so the court granted the motion. No. 09-CR-0065, 2010 WL 3023366, *5 (E.D. Wis. Apr. 30, 2010). In *United States v. Knowles*, 2 F.Supp.2d 1135, 1140 (E.D. Wis. 1998), the court denied defendant's motion for a bill of particulars, finding that the defendant was "seeking evidentiary material which is not the proper purpose for a bill of particulars." *Id*. at 1141. The language quoted by defendant is dicta. *See id*.

15

That defendant's words may be evidence in this case actually compels the opposite conclusion than defendant suggests. Where the defendant is the main source of the evidence, either through confessions or wiretaps, a bill of particulars is not needed to merely restate what the defendant already knows. *See United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (no error in refusing to order bill of particulars in narcotics trafficking case because government's evidence consisted of conversations and activities in which defendants participated); *United States v. Porter*, Crim. Action No. 12-198, 2013 WL 6623906, *4 (E.D. La. Dec. 16, 2013) ("if a defendant has participated in a conversation … alleged in a count, courts have found that the defendant had sufficient knowledge of the incident and could hardly have been surprised by the government's proof at trial") (citations omitted).

The defendant's own statements and communications are what the jury will hear at the trial, such that a bill of particulars would merely summarize what defendant already possesses. Here, the government has relied in large part on defendant's own statements to undercover agents. The recordings and transcripts of these statements will be admitted at trial. Defendant Ludke has been provided copies of all these materials. Defendant's own statements provide an outline of, perhaps even the most complete available explanation for, the activities that the government intends to prove. Unlike a case built on cooperating witness testimony, the details of which are unknown to the defense until trial, defendant knows the details of the evidence because he was the main source of it.

### 4. The Indictment Is Not Required to Identify the Government's Proof at Trial.

Defendant is requesting that the government "disclose in its bill of particulars [] the specific statements from Ludke that reflect an attempt or conspiracy to provide material support to ISIL." Motion to Dismiss at 9. Defendant cites no relevant authority for such a bold request, which is in

16

essence a request to preview the government's case. *Cf. United States v. Balogun*, 971 F.Supp. 1215, 1227 (N.D. Ill. 1997) ("While the defendant is entitled to know the factual details of the offense with which he is charged, he is not entitled to know the details of how the offense will be proved.") (citing *Glecier*, 923 F.2d at 502 *Kendall*, 665 F.2d at 135). In *Balogun*, the District Court denied a similar request. In that case, Defendant Majekodunmi wanted "the government to identify and describe each act or communication that relates to his participation in the importation and distribution conspiracies, and the locations and times of and people involved in the acts alleged in the indictment." 971 F.Supp. at 1229. The court denied the motion, reasoning, in part, that the extensive discovery made available to the defendant provided him with "sufficient information to know with what he is charged and to prepare an adequate defense to the charges." *Id*.

A similar reasoning should apply here. A "bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *United States v. Salyer*, CR–S–10–0061 LKK (GGH), 2011 WL 6026119, *2 (E.D.Cal. Dec.2, 2011) (quoting *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir.1985)) (internal citations omitted, emphasis in original). Because defendant already has received more than enough information to enable him to conduct his own investigation—including the Indictment, criminal complaint, and substantial discovery—no bill of particulars is warranted. Also, as noted above, that defendant is the source of much of the government's evidence tends to obviate the need for a bill of particulars.

## CONCLUSION

The Indictment is legally and constitutionally sufficient. It states each of the elements of the offenses and provides ample information for defendant to prepare for trial and for protection

17

against potential double jeopardy in the future. Moreover, the Indictment is not flawed because it fails to plead that defendant conspired and attempted to provide personnel to work under ISIL's direction and control. Subsection (h) of Section 2339B is a definitional provision, not an element of the offense, and is not required to be pled in the Indictment. Finally, the Indictment, the complaint, and the substantial discovery provided to defendant have answered much of what defendant seeks in a bill of particulars. What the Indictment, compliant and discovery materials did not answer, defendant is not entitled to obtain in a bill of particulars. His motion should be denied.

                                            Respectfully submitted,

                                            GREGORY J. HAANSTAD
                                            United States Attorney

By:    */s/ Paul L. Kanter*_____
        PAUL L. KANTER
        Assistant United States Attorney
        Bar No: 1005035
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 East Wisconsin Avenue, Room 530
        Milwaukee, Wisconsin 53202
        Telephone: (414) 297-4104
        Fax: (414) 297-1738
        E-Mail: paul.kanter@usdoj.gov

        JOLIE F. ZIMMERMAN
        D.C. Bar No. 465110
        Trial Attorney
        Counterterrorism Section
        National Security Division
        United States Department of Justice
        950 Pennsylvania Ave., N.W.
        Washington, D.C. 20530
        (202) 514-1453

Date: November 6, 2017