UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

              Case No. 16-CR-175

  v.

JASON MICHAEL LUDKE,
  a/k/a "Muhammad Nassir,"
  a/k/a "Muhammad Abdun Naasir
  al-Hannafi,"
  a/k/a "Abuz Sayyaf," and

YOSVANY PADILLA-CONDE,
  a/k/a "Saadiq Ibn Abbas,"
  a/k/a "Saadiq Padilla,"

    Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT JASON MICHAEL LUDKE'S MOTION TO SEVER**

---

  The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin; Paul L. Kanter, Assistant United States Attorney; and Jolie F. Zimmerman, Trial Attorney, United States Department of Justice, respectfully submits this Response to Defendant Jason Michael Ludke's Motion to Sever (ECF No. 40) (Motion to Sever).

## INTRODUCTION

  The government objects to defendant's motion. As explained below, the government does not believe separate trials are warranted in this case. First, the defendants are properly joined under Federal Rule of Criminal Procedure 8. Second, severance is not warranted under Federal Rule of

1

Criminal Procedure 14. Third, any potential *Bruton* issue can be addressed through limiting instructions and/or redactions. In sum, the government believes that granting severance at this time would be premature at best.

## PROCEDURAL HISTORY

Defendant Ludke is charged in an indictment with one count of Conspiring To Provide Material Support to a Foreign Terrorist Organization and one count of Attempting To Provide Material Support to a Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B. Defendant Yosvany Padilla-Conde is charged in the same indictment with one count of Conspiring To Provide Material Support to a Foreign Terrorist Organization and one count of Aiding and Abetting an Attempt To Provide Material Support to a Foreign Terrorist Organization, in violation of 18 U.S.C. §§ 2339B and 2. On July 6, 2017, the Court issued a scheduling order in this case, which provides that any pretrial motions be filed by October 6, 2017, and any responses by November 6, 2017. ECF No. 33 (July 6, 2017 Order) 1. No trial date has been set. To date, the government has provided the defense with seventeen discovery compact discs.

## ARGUMENT

It is well-settled that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together" because "[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks omitted). Indeed, as the Seventh Circuit has observed, "There is a particularly strong preference for a single trial with codefendants who have been jointly indicted." *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003) (citing *United States v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002)). Courts have recognized that severance creates an unnecessary burden and inefficiency for the court, the government, and the witnesses

by requiring the presentation of the same case on multiple occasions. As a result, claims of potential prejudice generally are addressed through limiting instructions or other means rather than the more radical remedy of severance. *See Zafiro*, 506 U.S. at 539; Fed. R. Evid. 105. As explained below, the defendants in this case are properly joined, Defendant Ludke cannot establish prejudice, and any potential *Bruton* issue can be addressed at a later date.

**I.        The Defendants Are Properly Joined.**

In this case, joinder is proper pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure. Under Rule 8 of the Federal Rules of Criminal Procedure,

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Cr. P. 8(b). Here, Defendants Ludke and Padilla-Conde are alleged to have participated in the same series of acts and transactions constituting an offense or offenses, that is, they are alleged to have participated in a conspiracy to provide material support to the Islamic State of Iraq and the Levant (ISIL). *See* Indictment (ECF No. 5), 1-2. Additionally, Defendant Ludke is charged with attempting to provide material support to ISIL and Defendant Padilla-Conde is charged with aiding and abetting that attempt; these charges also are part of the same series of acts and transactions. *See id.*; Affidavit in Support of Criminal Complaint (ECF No. 1), 3-9.

Because the charges against both defendants are based on the same series of acts and transactions, the evidence the government intends to present against each defendant is largely duplicative. With the exception of Padilla-Conde's statement, which is addressed below, Defendant Ludke has not pointed to any evidence that would be admissible against Defendant Padilla-Conde but not against Defendant Ludke. *See* Motion to Sever at 1-2.

3

## II. Defendant Ludke Cannot Establish the Requisite Risk of Prejudice.

### A. Legal Standards

District Courts have discretion to sever trials of codefendants under Rule 14 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 14; *United States v. Maggard*, 865 F.3d 960, 971 (7th Cir. 2017); *United States v. Balsiger*, 644 F.Supp.2d 1101 (E.D. Wis. 2009). "When defendants have been properly joined under Rule 8(b), the court 'should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* at 1116 (quoting *Zafiro*, 506 U.S. at 539)); *Souffront*, 338 F.3d at 828.

"Rule 14 does not require severance in every joint trial in which there is a risk of prejudice; 'rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.'" *Maggard*, 865 F.3d at 972 (quoting *Zafiro*, 506 U.S. at 539). The Supreme Court has held that less drastic measures than severance, "such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *Maggard*, 865 F.3d at 972; *United States v. Jackson*, 860 F.3d 438, 447 (7th Cir. 2017) ("[W]hether a trial of two defendants tried simultaneously infringes upon a defendant's right to a fair trial depends on whether it is within the jury's capacity ... to follow admonitory instructions and to keep separate, collate and appraise the evidence relevant only to each defendant.") (quoting *United States v. Oglesby*, 764 F.2d 1273, 1276 (7th Cir. 1985)); *United States v. Orlando*, 819 F.3d 1016, 1023 (7th Cir. 2016); *United States v. Warner*, 498 F.3d 666, 702 (7th Cir. 2007).

### B. Application to the Facts of This Case

Defendant Ludke cannot meet this burden. As explained above, much of the evidence in this case would be mutually admissible for legitimate purposes in separate trials for each offense.

4

*See Orlando*, 819 F.3d at 1023 (explaining lack of undue prejudice in joint trial of two co-conspirators where "[m]uch of the evidence at trial was admissible against both" of them). Moreover, proper limiting instructions would be able to cure any risk of prejudice.

**III.     Severance Is Not the Appropriate Remedy for Any *Bruton* Issue.**

Defendant Ludke argues that severance is required in this case because the admission of his co-defendant's statement would strip Ludke of his right to confront witnesses against him. Motion to Sever at 2-3. The government does not believe that severance is required or appropriate at this time.

Severance would be required if the government were to violate the Confrontation Clause of the Sixth Amendment, as construed by *Bruton v. United States*, 391 U.S. 123 (1968), by introducing a post-conspiracy statement of a non-testifying defendant that directly implicates the remaining defendant in wrongdoing: "If a co-defendant makes an out-of-court confession that inculpates the defendant, and the co-defendant does not testify at their joint trial, the out-of-court statement cannot be introduced as evidence at all; the risk of prejudice to the non-confessing defendant is simply too great, even with a limiting instruction." *United States v. Volpendesto*, 746 F.3d 273, 290 (7th Cir. 2014) (citing *Bruton*, 391 U.S. 123). The government, however, has no intention of violating any such rights.

On or about October 14, 2016, Defendant Padilla-Conde waived his *Miranda* rights and was interviewed about his involvement in the charged conspiracy and his knowledge of the roles of others in this scheme. It is this statement that Defendant Ludke argues implicates him and requires a separate trial. Even assuming, *arguendo*, there is a *Bruton* concern with Defendant Padilla-Conde's statement, taking into account the specific facts of this case, severance is not the appropriate remedy.

5

*Bruton* does not require a separate trial if the post-arrest statements may be edited or redacted to eliminate the *Bruton* issue. In *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), the Supreme Court held that the Confrontation Clause is not violated when a non-testifying co-defendant's confession is redacted to eliminate any reference to another co-defendant's existence. Moreover, the Supreme Court has specifically held that there is no Sixth Amendment violation unless the confession sought to be introduced contains '"facially incriminating statements," rather than merely statements which become incriminating when linked to other evidence. *Richardson*, 481 U.S. at 208-09; *see Souffront*, 338 F.3d at 829. Accordingly, the Seventh Circuit has permitted edits and/or redactions that replace a reference to a co-defendant with a general reference to another person or another individual. *United States v. Benabe*, 436 Fed. Appx. 639, 647, 2011 WL 3624961, *5 (7th Cir. Aug. 18, 2011) (no *Bruton* violation where witness makes generic response that does not "facially incriminate a particular defendant"); *United States v. Hernandez*, 330 F.3d 964, 973 (7th Cir. 2003) ("It is clear that a redacted confession may be admitted as long as the redaction does not obviously refer to the co-defendants"); *United States ex rel. Cole v. Lane*, 752 F.2d 1210, 1216 (7th Cir. 1985) (substitution of defendant's name with neutral pronoun or phrase in codefendant's confession that does not "strategically incriminate much less implicate" the defendant does not violate *Bruton*).

Consistent with the principles outlined in *Bruton* and its progeny, the government will not introduce any statements that would expressly, facially, or directly implicate Defendant Ludke and offend his Sixth Amendment right to confrontation. If the government offers any codefendant statement that directly implicates Ludke, any reference to him would be appropriately substituted with a neutral pronoun.

6

## **CONCLUSION**

Based on the above discussion and analysis, the government respectfully requests that the Court deny defendant's motion to sever.

Respectfully submitted,

GREGORY J. HAANSTAD
United States Attorney

By:  */s/ Paul L. Kanter*
PAUL L. KANTER
Assistant United States Attorney
Bar No: 1005035
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-4104
Fax: (414) 297-1738
E-Mail: paul.kanter@usdoj.gov

JOLIE F. ZIMMERMAN
D.C. Bar No. 465110
Trial Attorney
Counterterrorism Section
National Security Division
United States Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-1453

Date: November 6, 2017