UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

*Plaintiff,*

*v.* Case No. 16-CR-175

JASON LUDKE,

*Defendant.*

---

**LUDKE'S REPLY: MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

Ludke has asked the Court to enter an order dismissing the indictment for failing to plead the offense. He has also asked for bills of particulars under three separate theories. First, to put Ludke on notice as to what type of support or resources the government claims he attempted or conspired to provide. With respect to this issue, the government has responded, indicating that "personnel" is the only type of support or resources it accuses Ludke of conspiring and attempting to provide. Second, Ludke has asked for a bill of particulars identifying other conspirators. Third, Ludke has asked for a bill of particulars identifying his specific statements that reflect an attempt or conspiracy to provide material support to ISIL. The government opposes Ludke's motion in these regards.

**1) Section 2339B(h) is not merely definitional.**

In arguing against Ludke's motion to dismiss, the government suggests that 2339B(h) merely defines support, and is therefore not an element. In support, the government cites three uncontrolling district court cases concluding that subsection (h) is not an element of the offense. Docket No. 43 at 7. Admittedly, Ludke knows of no cases, at the district or circuit level, that hold otherwise. But those cases are still not binding on this Court. And the arguments made by the defendants in those cases can be made here.

First, just because 2339B(h) might define "personnel" doesn't mean it's not an element of the offense. *See United States v. Outlier*, 659 F.2d 1306, 1310 (5th Cir. 1981) ("an essential element is not always expressed in the statutory definition of the offense, but actually may be the negation of an exception to the offense. In rare instances, an exception can be so necessary to a true definition of the offense that the elements of the crime are not fully stated without the exception."). Where an exception "is so inseparable from a true definition of the offense that the ingredients of the offense cannot accurately be described if the exception is omitted," the indictment must negate that exception. *United States v. Borland*, 309 F. Supp. 280, 290 (D. Del. 1970) (calling this rule "well-settled").

This is so here because subsection (h) defines not only the meaning of "personnel" but the *mens rea* requirement with respect to the "personnel" provision of § 2339B. And while it is true that an indictment does not necessarily need to specify the *mens rea* of an offense to sufficiently plead that offense, the terms within the indictment must "sufficiently convey the notion of knowledge and intent." *United States v. Hernandez*, 330 F. 3d 964, 978 (7th Cir. 2003). Subsection (h) was added to § 2339B because its prior incarnation was too vague. *Holder v. Humantiarian Law Project*, 561 U.S. 1, 27 (2010). So the argument that the term "personnel" clearly conveys the scienter requirement is belied by the statute's legislative history.

Both *United States v. Pugh,* No. 15-CR-116, 2015 WL 9450598 (E.D.N.Y. December 21, 2015), and *United States v. Shafi,* 252 F. Supp. 3d 787 (N.D. Cal. 2017), which the government cited, recognize the need, in determining whether a statutory provision is an element of an offense, to "look first to the language and structure of the statute as well as the legislative history." *Pugh*, at *7. In looking at 2339B's structure, there are two things worth noting. First, § 2339B has a definitional section in § 2339B(g). And that section defines the term "material support or resources" the same way as 2339A. So if subsection (h) were just a definition, it would have been included in the statute's "Definitions" section, 2339B(g). Second, the more detailed

definition of personnel in subsection (h) applies only to 2339B, and not 2339A, reflecting a belief that Congress viewed it is an integral component of 2339B.

The legislative history also supports the conclusion that subsection (h) identifies the *mens rea* requirement, thereby making it an element of the offense. When Congress passed the Intelligence Reform and Terrorism Prevention Act ("IRTPA") in 2004 (which addeded subsection (h) to 2339B), a congressional conference report states that the amendment was not just clarifying the definition of personnel, but also "the knowledge required to violate the statute." Intelligence Reform and Terrorism Prevention Act of 2004 – Conference Report, 150 Cong. Rec. S11939-01, 2004 WL 2812449.

Both the statute's structure and legislative history support the notion that subsection (h) "is so inseparable from a true definition of the offense that the ingredients of the offense cannot accurately be described" without it. *Borland*, 309 F. Supp. at 290. As a result, the failure to plead it in the indictment renders the indictment insufficient.

**2) The identities of unindicted co-conspirators are necessary to determine whether statements are admissible under the Rules of Evidence.**

The government has attempted to distinguish this case from the other Eastern District of Wisconsin cases where the government has been required to identify the





Case 2:16-cr-00175-LA-NJ Filed 12/01/17 Page 4 of 7 Document 46

unindicted co-conspirators. The government's primary point of reference is in the number of defendants in those cases. But there are plenty of single-defendant or few-defendant cases where the courts in this district have ordered the identities of unindicted co-conspirators to be turned over. See, *United States v. Buske*, No. 09-CR-0065, 2010 WL 3023366, at *8-9 (E.D. Wis. Apr. 30, 2010), *report and recommendation adopted*, No. 09-CR-65, 2010 WL 3023364 (E.D. Wis. July 29, 2010) (one defendant); *United States v. Laux*, No. 14-CR-229, 2015 WL 1885953, at *7 (E.D. Wis. Apr. 24, 2015), *report and recommendation adopted*, No. 14-CR-229, 2015 WL 4477007 (E.D. Wis. July 22, 2015) (one defendant); *United States v. Gholston*, No. 15-CR-248, Docket No. 52 (E.D. Wis. August 5, 2016) (two defendants). This is because the practice of requiring the government to identity unindicted co-conspirators has little to do with the number of defendants or complexity of a case. Rather, that information is necessary so defendants can determine if statements in discovery might be admissible as a co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). *See United States v. Blas*, No. 90-CR-162, 1990 WL 265179, at *16 (E.D. Wis. Dec. 4, 1990) ("the defendant is entitled to the names of the unindicted co-conspirators as well, for purposes of the admission of co-conspirator hearsay.")

The government has turned over the results of a search warrant executed on Ludke's Facebook account. There are approximately 24,000 pages of communications,

much of it discussing Islam and Islamic theology. Ludke's and Padilla-Conde's phones have been forensically examined. The reports of those examinations contain thousands of pages of text messages and other social media chats. To the extent the government believes any of the individuals in those messages or chats are co-conspirators, Ludke must know in advance, so he can determine which statements may be admissible under Rule 801(d)(2)(E).

Dated at Milwaukee, Wisconsin, this 1st day of December, 2017.

Respectfully submitted,

**/s/ Joshua D. Uller**
Joshua D. Uller, Bar No. 1055173
FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, Wisconsin 53202
Telephone: 414-221-9900
Fax: 414-221-9901
E-mail: joshua_uller@fd.org

**/s/ Tom Phillip**
Tom Phillip, Bar No. 1023113
FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.
801 E. Walnut Street
Green Bay, Wisconsin 54301
Telephone: 920-221-9900
Fax: 920-221-9901

E-mail: tom_phillip@fd.org

*Counsel for Defendant,* Jason Ludke