UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

      *Plaintiff*,

      *v.*                                  Case No. 16-CR-175 (LA)

JASON LUDKE,

      *Defendant*.
_____

## LUDKE'S REPLY: MOTION TO SEVER

The government claims that severance is not necessary because Padilla-Conde's post-arrest statement can be redacted to comply with *Bruton v. United States*, 391 U.S. 123 (1968) and *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). But the government hasn't explained how they'll redact his statement to do so. And without offering any proposed redactions, the Court has no way to know whether the redactions will satisfy *Bruton* and *Gray v. Maryland*, 523 U.S. 185 (1998). That is, the government hasn't shown that it can redact Padilla-Conde's confessions in a way that doesn't obviously implicate Ludke, much less directly infer he is the subject of Padilla-Conde's statements. For the reasons set forth herein, the government can't make such a showing.

Whether the admission of a non-testifying co-defendant's statement, even a redacted one, violates the Sixth Amendment is a pretty fact-intensive question. It

FEDERAL DEFENDER SERVICES

OF WISCONSIN, INC.

necessarily requires an examination of the nature of the crimes charged, the evidence the government intends to offer, and the details of the non-testifying co-defendant's statement. *See Gray*, 523 U.S. at 194. Evaluating the facts of this case, there is no way to redact Padilla-Conde's confessions in a way that does not obviously implicate Ludke.

Looking at the charges, Ludke and Padilla-Conde are the only defendants. While the indictment suggests that there may be other unidentified co-conspirators, the discovery doesn't identify any, so the defendants are also the only conspirators. And while the government hasn't indicated what its redactions might look like, they have proposed substituting any direct reference to Ludke with a neutral pronoun. Docket No. 44 at 6. But that doesn't accomplish much. Because Ludke and Padilla-Conde are charged with conspiring with each other to provide material support, Padilla-Conde's statements references to Ludke can't be disassociated from Ludke. That is, replacing "Ludke" or "Jason" with "him," "redacted," or "deleted" still facially incriminates Ludke because it is apparent that those redactions refer to Ludke.

This conclusion becomes even clearer when looking at the evidence in this case. Again, Ludke and Padilla-Conde are the only defendants and conspirators. They lived together. They communicated regularly, and many of their electronic communications will be in evidence. They were travelling together when they were arrested. And the questions the agents put to Padilla-Conde were all about what

2

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Padilla-Conde and Ludke were planning on doing and taking about. Furthermore, Padilla-Conde's statement is self-serving and he essentially points the finger directly at Ludke. *See United States v. Berrios*, 676 F. 3d 118, 129 (3rd Cir. 2012) (statements that are wholly self-serving are not admissible against a co-defendant).

The government argues that a defendant's right of confrontation is not implicated where the non-testifying codefendant's confession includes "merely statements which become incriminating when linked to other evidence." Docket No. 44 at 6. But the Supreme Court expressly disavowed this rigid, "incriminating only-by-inference" approach in *Gray. Gray,* 523 U.S. at 196. *Gray* recognized that *Richardson*'s holding depended, "in significant part upon the *kind* of, not the simple *fact* of, inference." *Id.* (emphasis in original). *Gray* was different than *Richardson* because the co-defendant's statements, "despite redaction, obviously refer directly to someone, often obviously the defendant, and . . . involve inferences that a jury ordinarily could make immediately." *Id*. Where even a redacted confession obviously implicates the defendant, severance is required to avoid violating the confrontation clause.

Such is the case with Padilla-Conde's statements. Both he and the agents refer to Ludke so often and so obviously that he simply can't be redacted in a way that doesn't obviously implicate him. As a result, severance is required.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2017.

3

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Respectfully submitted,

**/s/ Joshua D. Uller**
Joshua D. Uller, Bar No. 1055173
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, Wisconsin 53202
Telephone: 414-221-9900
Fax: 414-221-9901
E-mail: joshua_uller@fd.org

**/s/ Tom Phillip**
Tom Phillip, Bar No. 1023113
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
801 E. Walnut Street
Green Bay, Wisconsin 54301
Telephone: 920-221-9900
Fax: 920-221-9901
E-mail: tom_phillip@fd.org

*Counsel for Defendant,* Jason Ludke

4