UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

      *Plaintiff*,

      *v*.                                  Case No. 16-CR-175 (LA)

JASON LUDKE,

      *Defendant*.

_____

**LUDKE'S RESPONSE TO GOVERNMENT'S PROPOSED REDACTIONS**
_____

The government's proposed redactions of Yosvany Padilla-Conde's post arrest statements fail to satisfy *Bruton v. United States*, 391 U.S. 123 (1968) and *Gray v. Maryland*, 523 U.S. 185 (1998). The proposed redactions fail to eliminate direct references to Ludke. Where direct references to Ludke are eliminated, the proposed redactions still plainly implicate to Ludke by inference. This is especially so given the nature of the charges and the accusations against them. Finally, the proposed redactions implicate Padilla-Conde's rights. By gutting the references to Ludke, towards whom Padilla-Conde is often pointing the finger, the government hampers what may be a legitimate defense for Padilla-Conde. And while Ludke's lawyers don't propose to advocate on Padilla-Conde's behalf, it appears that Padilla-Conde's

defense would be limited by the proposed redaction. The interplay between these concerns compels the conclusion that these defendants cannot be jointly tried.

### 1. The proposed redactions implicate Ludke both directly and indirectly

As Ludke wrote in his motion to suppress, whether the admission of a non-testifying co-defendant's statement, even a redacted one, violates the Sixth Amendment is a fact-intensive question. It necessarily requires an examination of the nature of the crimes charged, the evidence the government intends to offer, and the details of the non-testifying co-defendant's statement. *See Gray*, 523 U.S. at 194. The government has proposed how it would redact Padilla-Conde's statement, but not explained the context of how that statement fits in to the broader case against Ludke and Padilla-Conde.

The indictment charges just Ludke and Padilla-Conde with conspiring and attempting to provide material support to ISIS. The support they are accused of seeking to provide is personnel. And the only conceivable personnel they can be said to have attempted or conspired to provide is themselves. So in effect, the government is accusing them of working together to make themselves available for ISIS. As Ludke has argued in other submissions, it is unclear precisely what conduct he engaged that ran afoul of the statute. As a result, even seemingly normal conduct like driving south takes on potentially significant consequence. Travelling to Mexico or planning to

2

leave the country is not itself a crime. But when considered in context with statements that the defendants made to undercover FBI agents, Padilla-Conde discussing his travel plans is incriminating, not just against himself, but Ludke also.

Because Ludke and Padilla-Conde are the only defendants and conspirators in this case, it is apparent that when Padilla-Conde mentions another person or is asked to identify someone whose name is then redacted, he's speaking of Ludke. Who else would be referring to? *See* Exhibit 2A at 11 (redaction following being asked who introduced him to the Muslim faith and who influenced him to pledge his allegiance to ISIL); *Id.* at 14 (stating the people he was to meet in Mexico were different than who "we" had contact with); *Id.* at 15 (claiming he was just going along with someone); *Id.* at 25 (referring to others watching certain people on YouTube); *Id.* at 31 ("*we* were heading towards El Paso"); *Id.* at 32 (discussing how he would make a split and leaving "this" behind); *Id.* at 41 ("we" had a pocket knife). Similarly, when the agents ask questions about "you guys," they are obviously referring to Padilla-Conde and Ludke. *Id.* at 41.

Even statements that don't directly implicate Ludke implicate him indirectly. For example, agents question Padilla-Conde about other people that he and Ludke communicated with about travelling. Padilla-Conde discusses two people from Brooklyn that were also being recruited to go to Syria. Exhibit 2A at 21-23. The logical

3

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

inference from this statement is that he and Ludke were also being recruited to go to Syria. This indirectly implicates Ludke.

The government argues that a defendant's right of confrontation is not implicated where the non-testifying codefendant's confession includes "merely statements which become incriminating when linked to other evidence." Docket No. 44 at 6. But the Supreme Court expressly disavowed this rigid, "incriminating only-by-inference" approach in *Gray*. *Gray*, 523 U.S. at 196. *Gray* recognized that *Richardson*'s holding depended "in significant part upon the *kind* of, not the simple *fact* of, inference." *Id.* (emphasis in original). *Gray* was different than *Richardson* because the co-defendant's statements, "despite redaction, obviously refer directly to someone, often obviously the defendant, and . . . involve inferences that a jury ordinarily could make immediately." *Id*. Where even a redacted confession obviously implicates the defendant, severance is required to avoid violating the confrontation clause. So too do Padilla-Conde's statements. As a result, severance is required.

   **2. The proposed redactions interfere with Padilla-Conde's right to present a defense.**

While Ludke argues that the government's proposed redactions fail to sufficiently address the harm he suffers if Padilla-Conde's statement is introduced in a joint trial, the government's proposal certainly attempts to ameliorate those problems for Ludke. But they likely do so at the expense of Padilla-Conde. Should the

4

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

government offer the redacted version of Padilla-Conde's statement as proposed, Padilla-Conde would likely seek to explain the context of many of those statements. That would require him to introduce many of the redacted portions to provide the necessary context.

For example, when the agents question Padilla-Conde about some of the outside-the-mainstream-Salafism videos he (and Ludke) had watched, he tried to explain that he wasn't interested in what those "scholars" were preaching. Padilla-Conde explained that Ludke was trying to get him to listen to these people. *See* Exhibit 2A at 9-10, 26. When asked how he came to send videos proclaiming allegiance to ISIS, he tried to explain that Ludke put him up to it. *Id*. at 11. He also said he had explained to Ludke that they could send the videos (pledging allegiance) and just never reach out to the recipients again, after which they would leave them alone. *Id*. at 13. These are just two examples, but it is likely that Padilla-Conde would seek to introduce much of what the government has proposed redacting. Doing so would then pit Ludke's right of confrontation under *Bruton* and *Gray* against Padilla-Conde's right to present a defense.

The Seventh Circuit has held that "[j]udicial economy and convenience are the chief virtues of joint trials." *United States v. Coleman*, 22 F. 3d 126, 132 (7th Cir. 1993). A joint trial in this case accomplishes neither. The cases are not complex. There is some, but not extensive, overlapping evidence. And the mechanics of redacting

5

Padilla-Conde's statement are more complicated than a joint trial in this case is worth. The risks to both defendants' right to a fair trial greatly outweighs the benefit of their trials being joined.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2018.

Respectfully submitted,

**/s/ Joshua D. Uller**
Joshua D. Uller, Bar No. 1055173
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, Wisconsin 53202
Telephone: 414-221-9900
Fax: 414-221-9901
E-mail: joshua_uller@fd.org

**/s/ Tom Phillip**
Tom Phillip, Bar No. 1023113
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
801 E. Walnut Street
Green Bay, Wisconsin 54301
Telephone: 920-221-9900
Fax: 920-221-9901
E-mail: tom_phillip@fd.org

*Counsel for Defendant,* Jason Ludke

6

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Case 2:16-cr-00175-LA   Filed 02/28/18   Page 6 of 6   Document 63