# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                                            Case No. 16-CR-175

**JASON LUDKE and**
**YOSVANY PADILLA-CONDE,**

    **Defendants.**

## DECISION AND ORDER ON DEFENDANT'S MOTION TO SEVER

On October 6, 2017, defendant Jason Ludke filed a motion to sever his trial from the trial of his co-defendant, Yosvany Padilla-Conde. (Docket # 40.) Ludke argued that the admission at his trial of Padilla-Conde's post-arrest statements would violate Ludke's right to confront and cross-examine witnesses against him in violation of *Bruton v. United States*, 391 U.S. 123 (1968). The government responded, arguing that severance was not required because Padilla-Conde's statements could be redacted to comply with *Bruton* and its progeny. Given the fact intensive nature of the *Bruton* inquiry, I reserved ruling on Ludke's motion to sever, allowing the government an opportunity to submit its proposed redacted statements. The government has now submitted its proposed redacted statements and Ludke has responded. Padilla-Conde has also filed a response to the government's redactions. After careful consideration of the government's proposed redactions and the arguments of the parties, I will grant Ludke's motion for severance and order the defendants to be tried separately.

## ANALYSIS

The question before me is whether the government's proposed redactions of Padilla-Conde's post-arrest statements would violate Ludke's right to confront and cross-examine witnesses against him under *Bruton* and its progeny. In the original order, I discussed *Bruton* and its progeny, which I will briefly repeat here. (Docket # 49 at 4-5.) Under *Bruton*, admission of a co-defendant's confession inculpating the defendant at a joint trial where the co-defendant does not testify violates the defendant's Sixth Amendment right to confrontation as he is precluded from cross-examination. 391 U.S. at 127–28.

In *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), the Court held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." The *Marsh* Court found that the Sixth Amendment was not violated when a confession is not incriminating on its face and only becomes incriminating when linked with evidence introduced later at trial. *Id.* at 208. The *Marsh* Court "express[ed] no opinion on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun." *Id.* at 211 n.5.

Finally, in *Gray v. Maryland*, however, the Court clarified that *Bruton* problems are not avoided simply by deleting from a confession the co-defendant's name or by merely inserting in place of the co-defendant's name a symbol, such as the word "deleted." 523 U.S. 185, 197 (1998). The Court noted that this insert was actually "facially incrimin[ating]" because the word "deleted" still pointed to specific people. *Id.* at 196–97. Thus, "[a]fter *Richardson* and *Gray*, it is clear that a redacted confession may be admitted as long as the

redaction does not obviously refer to the co-defendants." *United States v. Hernandez*, 330 F.3d 964, 973 (7th Cir. 2003). In other words, "[s]tatements that 'despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately' are prohibited under *Bruton*." *United States v. Green*, 648 F.3d 569, 575 (7th Cir. 2011) (quoting *Gray*, 523 U.S. at 196).

In this case, the government proffers two redacted statements from Padilla-Conde. To determine whether admission of the redacted statements would violate Ludke's rights under *Bruton*, it is important to understand the statements in context of the charges against the defendants. The indictment alleges that between September 27, 2016 and October 6, 2016, Ludke and Padilla-Conde conspired to provide material support to a foreign terrorist organization, namely the Islamic State of Iraq and the Levant ("ISIL"). Ludke is also charged with attempting to provide material support to ISIL and Padilla-Conde is charged with aiding and abetting Ludke's attempt during this same time period. The factual basis for these charges are found in the complaint which alleges that Ludke and Padilla-Conde were traveling to Mexico to get to the Middle East, where they would join ISIL, a foreign terrorist organization. (Criminal Compl. ¶¶ 5-18, Docket # 1.)

The first statement the government seeks to admit is an FBI interview report summarizing Padilla-Conde's statement on October 6, 2016. Exhibit 1A is the unredacted version of the statement and Exhibit 1B is the redacted version. (Docket # 60-1, # 60-2.) In this statement, Padilla-Conde states that he and Ludke have known each other for approximately eleven years and while traveling together south, Padilla-Conde would use his phone to search for mosques along the way and would ask permission to sleep overnight in the parking lot. The statement describes how Ludke watches online video speeches from

3

Anwar Awlawki and has become convinced that he should travel to Iraq or Yemen for Jihad. Ludke emails an unnamed individual about joining ISIL and once Ludke and Padilla-Conde reach Laredo, Texas, this individual was supposed to facilitate their border crossing into Mexico and subsequent travel to Iraq or Yemen. Padilla-Conde stated that on their drive south, he tried to convince Ludke to "back away from all this" and that he intended to abandon Ludke's plan to travel overseas once reaching Mexico. Padilla-Conde stated he intended to stay with an ex-girlfriend's grandparents in Mexico.

The second statement the government seeks to admit is the transcript of a recorded interview of Padilla-Conde on October 14, 2016. Again, Exhibit 2A is the unredacted version and Exhibit 2B is the redacted version. (Docket # 60-3, # 60-4.) In this interview, Padilla-Conde summarizes how he met Ludke and how Padilla-Conde was receiving financial assistance from the mosque. Padilla-Conde was asked about videos he put on the internet pledging support to ISIL. Padilla-Conde describes how he and Ludke sent videos to Ludke's contact to "convince these people that you're worthy of coming" and the plan was to travel to Mexico where they would receive documents, and they would then be contacted about the next leg of the trip. Padilla-Conde again stated that he was trying to talk Ludke out of the plan on the way to Mexico. Padilla-Conde described Ludke as being "really into it" meaning a foreign terrorist organization, while Padilla-Conde "really wanted to get him out of that."

As to Padilla-Conde's first statement, the government redacts almost all of the statements regarding Ludke and the specifics of their plans to travel to Mexico. The redacted statement leaves in the fact that Ludke and Padilla-Conde have known each other for eleven years and are traveling "south" together, calling mosques along the way so they

4

can sleep in the mosque's parking lot. The statement includes the fact that Ludke and Padilla-Conde's trip continues to Denton, Texas, where they met up with a friend.

Again, *Bruton* is implicated by, "only those statements that 'expressly implicate' the defendant or are 'powerfully incriminating'" *Green*, 648 F.3d at 576 (*quoting Marsh*, 481 U.S. at 208)). Generally, disputes about whether testimony "expressly implicates" or "powerfully incriminates" a defendant arise where the co-defendant's original statement describes the defendant engaging in conduct that is clearly criminal, but the version presented to the jury removes any reference to the defendant or replaces such references with an indefinite pronoun. That is not the situation with Padilla-Conde's first statement. The statement still names Ludke outright (although his name is redacted in other parts of the statement). The question is whether the statement associates Ludke with criminal or incriminating conduct; specifically, whether the passages in question name Ludke in a way that "'expressly implicates' or 'powerfully incriminates' him with respect to the offenses charged." *United States v. Daniels*, No. 3:11-CR-4 JD, 2012 WL 243607, at *3 (N.D. Ind. Jan. 25, 2012) (citing *Green*, 648 F.3d at 576).

The government argues that the proposed redacted version of Padilla-Conde's statement (Exhibit 1B) does not facially incriminate Ludke because where Ludke's name is mentioned, it is only in the context of statements that do not associate him with any criminal or incriminating conduct. (Docket #60 at 2-3.) That is true if the statement is considered in a vacuum. There is nothing illegal or incriminating about two friends taking a drive down south. But this statement does not appear in a vacuum. The allegation against Ludke and Padilla-Conde is that they planned to travel to Mexico and from there, travel to the Middle East and join ISIL. Ludke is charged with conspiring to provide material support

to ISIL and attempting to provide material support to ISIL. The material support he is alleged to have provided is personnel, namely himself. Given these allegations, the fact that Ludke traveled south with Padilla-Conde is "powerfully incriminating."

Unlike the redacted version of Padilla-Conde's statement (Exhibit 1B), the redacted version of Padilla-Conde's interview (Exhibit 2B) completely redacts Ludke's name. However, the statement makes clear that Padilla-Conde was traveling with someone else to Mexico, in order to travel to the Middle East and join ISIL. (*See, e.g.*, Docket # 60-4 at 41("Hey, in the vehicle you guys were driving, was there anything, you know, and I know it's his vehicle . . . ."; Docket # 60-4 at 30 "Who's driving? I, I, I was driving. . . ."). Again, given the specific allegations in this case, despite the redaction, the statement obviously refers directly to Ludke, Padilla-Conde's co-defendant, who was expressly named in the first statement. For these reasons, the government's redactions to Exhibits 1 and 2 do not protect Ludke's rights under *Bruton*.

Ludke raises an additional concern that Padilla-Conde joins. Ludke argues that the government's redactions interfere with Padilla-Conde's right to present a defense as it excludes potentially exculpatory information. (Docket # 63 at 4-6.) Padilla-Conde shares these concerns and argues that the government's redactions excise important exculpatory statements and context from his statements. (Docket # 64.) In the unredacted version of Padilla-Conde's statement (Exhibit 1A), Padilla-Conde states that on the drive down to Mexico, he tried to convince Ludke to "back away from all this" and stated that he intended to abandon Ludke's plan to travel overseas once they reached Mexico. (Docket # 60-1 at 2.) The government proposes to redact this information. Similarly, in the unredacted version of Padilla-Conde's interview (Exhibit 2A), Padilla-Conde states that Ludke was the one who

was "really into" a foreign terrorist organization's speeches and that Padilla-Conde wanted to "get him out of that." (Docket # 60-3 at 34.) He stated that he did not "see eye-to-eye" with Ludke and tried to stall going down to Mexico. (*Id.* at 36.) Beyond the *Bruton* concerns for Ludke, I agree that the redacted statements may interfere with Padilla-Conde's right to present a defense. This risk also counsels in favor of severance.

A joint trial would certainly be preferable for conserving government and court resources and avoiding witnesses from having to testify twice at trial. However, after closely considering the proposed redacted statements in context of the specific allegations in this case, I find that Ludke has met his burden of showing that there is a serious risk that a joint trial would compromise his right to confront and cross-examine witnesses against him under *Bruton* and its progeny. As such, Ludke's motion to sever is granted.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to sever (Docket # 40) is **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 19th day of March, 2018.

                                      BY THE COURT

                                      *s/Nancy Joseph*
                                      NANCY JOSEPH
                                      United States Magistrate Judge