# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
       Plaintiff,

v.                                   Case No. 16-CR-175

JASON LUDKE and YOSVANY PADILLA-CONDE
       Defendants.

## DECISION AND ORDER

The government obtained an indictment charging defendants Jason Ludke and Yosvany Padilla-Conde with conspiring and attempting to provide material support to a foreign terrorist organization. Ludke moved to dismiss the indictment or, alternatively, for a bill of particulars. He also moved to sever his trial from Padilla-Conde's. The magistrate judge handling pre-trial proceedings in this case recommended that the motion to dismiss be denied but granted in part the motion for a bill of particulars. She also granted the motion to sever. Ludke objects to the recommended denial of his motion to dismiss, and the government objects to the severance order.[1] The district court reviews objections on dispositive motions de novo, Fed. R. Crim. P. 59(b), but will set aside a magistrate judge's order on a non-dispositive matter only if it is contrary to law or clearly erroneous, Fed. R. Crim. P. 59(a).

## I. MOTION TO DISMISS

"Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned not

---

[1] Neither side objects to the partial grant of a bill of particulars.

more than 20 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life." 18 U.S.C. § 2339B(a)(1). Section 2339B(g)(4) defines the term "material support or resources" by reference to § 2339A(b), which sets forth a list of items, including "personnel (1 or more individuals who may be or include oneself)."

The instant indictment alleges in count one that Ludke conspired to provide material support and resources, "including but not limited to personnel," to the terrorist organization ISIL. (R. 5 at 1-2.) Count two alleges that Ludke attempted to provide material support and resources, "including but not limited to personnel," to ISIL.[2] (Id. at 3.)

Section 2339B(h) explains that:

> No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

18 U.S.C. § 2339B(h). Ludke argues that his indictment is deficient because it fails to plead that he attempted to "work under [ISIL's] direction or control" or "organize, manage, supervise or otherwise direct the operation of [ISIL]." (R. 41 at 10; R. 54 at 2.)

"To be sufficient, an indictment must state each element of the crimes charged, provide the defendant with adequate notice of the nature of the charges so that the accused may prepare a defense, and allow the defendant to raise the judgment as a bar to future

---

[2]Although the indictment uses the phrase "including but not limited to," the government advised the magistrate judge that the only type of support it is alleging is personnel. (R. 48 at 14.)

2

prosecutions for the same offense." United States v. Nayak, 769 F.3d 978, 980 (7th Cir. 2014). Indictments need not exhaustively recount the facts surrounding the crime's commission, United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997), or provide the details of how it will be proved, id. at 1191. Nor must it include facts negating an affirmative defense or an exclusionary condition in the charging statute(s). See McKelvey v. United States, 260 U.S. 353, 357 (1922).

Ludke's challenge primarily turns on whether § 2339B(h) sets forth an element (which must be pled in the indictment) or a definition (which ordinarily need not). As the magistrate judge noted, the district courts which have considered the question have held that this provision is not an element. (R. 48 at 8.) In his objection, "Ludke submits that those courts got it wrong, and he asks this Court to sustain his objection to Judge Joseph's recommendation, and grant his motion to dismiss. In support, Ludke relies on the arguments set forth in his motion and reply briefs." (R. 54 at 2-3.)

Generalized objections, which lack specific legal authority or merely incorporate arguments previously made to the magistrate judge, are insufficient to invoke the district court's obligation to perform a de novo review. United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998). Ludke's objection fails to explain how the magistrate judge, or those courts upon which she relied, erred.

In any event, I agree with the reasoning of United States v. Shafi, 252 F. Supp. 3d 787 (N.D. Cal. 2017) and United States v. Pugh, No. 15-CR-116, 2015 U.S. Dist. LEXIS 170271 (E.D.N.Y. Dec. 21, 2015), adopted by the magistrate judge here. First, the text and structure of the statute support the notion that sub.(h) is definitional. Sub.(a) establishes a criminal prohibition, including a mens rea requirement, and sets forth the available penalties. Sub.(h)

3

places "personnel" in quotation marks, referring back to a term previously used, and provides a limiting definition of that term. Shafi, 252 F. Supp. 3d at 793-94. Second, the legislative history shows that the purpose of sub.(h) was to more clearly define one of the forms of material support. Id. at 795 (citing House Judiciary Committee report); see also Holder v. Humanitarian Law Project, 561 U.S. 1, 35 (2010) (noting that Congress, in response to vagueness challenges, "added clarity to the statute by providing narrowing definitions of the terms 'training,' 'personnel,' and 'expert advice or assistance'").

Alternatively, should sub.(h) be deemed an "exception" to the general prohibition in sub(a), as opposed to a "definition," the result is the same. "An indictment founded on a general provision of a statute need not negative an exception made by a proviso or other distinct clause, whether in the same section or elsewhere." United States v. Roya, 574 F.2d 386, 391 (7th Cir. 1978). Ludke fails to show that the indictment's omission of facts regarding this issue impedes his ability to mount a defense. Nor does he show that, under the circumstances here, the definition is so critical that the general rule should not apply. While it is true that sub.(h) includes the word "knowingly," it is not accurate to say that this provision supplies the mens rea required for the offense. Sub.(a) already requires that the defendant "knowingly" provide the support; it further provides that the defendant "must have knowledge that the organization is a designated terrorist organization."

For these reasons and those stated by the magistrate judge, the motion to dismiss will be denied.

## II. MOTION TO SEVER

Under Fed. R. Crim. P. 8(b), multiple defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or

4

transactions, constituting an offense or offenses." Everyone agree that Ludke and Padilla-Conde are properly joined. However, if the proper joinder of defendants in an indictment "appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials." Fed. R. Crim. P. 14(a). Given the strong public interest in joint trials, e.g., United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir. 1987), the district court should "grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). "For instance, in certain circumstances, the complexity of the charges, the spillover effect of testimony the Government offers against a co-defendant or the prospect of issues implicating the holding of Bruton v. United States, 391 U.S. 123 (1968), may warrant a severance." United States v. Hughes, 310 F.3d 557, 563 (7th Cir. 2002). Bruton holds that a defendant's Sixth Amendment confrontation right is violated when the confession of a non-testifying co-defendant, which also implicates the defendant, is admitted at a joint trial.

The magistrate judge, in her initial order, identified a possible Bruton issue based on inculpatory post-arrest statements allegedly made by Padilla-Conde. (R. 48 at 6.) She asked the government to provide redacted statements to see if the problem could be avoided. See United States v. Green, 648 F.3d 569, 575 (7th Cir. 2011) ("After the Supreme Court's further refinement of Bruton in Richardson v. Marsh, 481 U.S. 200 (1987), and Gray v. Maryland, 523 U.S. 185 (1998), it is clear that a redacted confession of a nontestifying co-defendant may be admitted as long as the redaction does not 'obviously' refer to the defendant.").

After carefully reviewing the proposed redactions and considering the parties' submissions, the magistrate judge granted the motion to sever. The magistrate judge

concluded that, while the government removed certain references to Ludke, given the circumstances of the case, where the government is alleging the two defendants traveled "south" together in an attempt to provide personnel (i.e., themselves) to ISIL, the redactions did not protect Ludke's rights under Bruton. (Id. at 3-6.) She further noted that the redactions interfered with Padilla-Conde's right to present a defense, as they excluded potentially exculpatory information. (Id. at 6-7.) Indeed, Padilla-Conde, while not filing his own severance motion, indicated that if the government attempted to admit the redacted statements he would be entitled to introduce other portions pursuant to Fed. R. Evid. 106. (R. 64.) The magistrate judge concluded that:

> A joint trial would certainly be preferable for conserving government and court resources and avoiding witnesses from having to testify twice at trial. However, after closely considering the proposed redacted statements in context of the specific allegations in this case, I find that Ludke has met his burden of showing that there is a serious risk that a joint trial would compromise his right to confront and cross-examine witnesses against him under Bruton and its progeny. As such, Ludke's motion to sever is granted.

(Id. at 7.)

In its objections, the government indicates that it does not agree with the magistrate judge's reasoning. (R. 67 at 2-3.) However, this ignores the standard of review. The government does not explain how the order is contrary to law or clearly erroneous. From my review, it appears that the magistrate judge applied the correct legal standards, carefully considered the facts, and reached a reasonable conclusion. See United States v. Phillips, 239 F.3d 829, 838 (7th Cir. 2001) ("On a motion for severance under Rule 14, we give great deference to the district court, which is best able to assess the benefits and hazards of a joint trial. A district court's denial of severance will not be disturbed absent an abuse of discretion.") (internal citation omitted).

6

The government also presents a second proposed set of redactions, but those proposals should have been presented to the magistrate judge. See United States v. Furr, No. 07-CR-57, 2015 U.S. Dist. LEXIS 29115, at *8 (E.D. Wis. Mar. 10, 2015) ("Arguments not raised in front of the magistrate judge and raised for the first time in objections made to the district judge are waived."). In any event, I have reviewed the second proposal and am, at this point, unconvinced that the problems identified by the magistrate judge have been fully resolved. I see no basis for reversing her order.[3]

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 48) is adopted, and Ludke's motion to dismiss (R. 41) is denied.

**IT IS FURTHER ORDERED** that this matter is scheduled for counsel-only **STATUS** on **Monday, May 14, 2018, at 11:15 a.m.**

Dated at Milwaukee, Wisconsin, this 2nd day of May, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[3] The government indicates that it has not yet developed, let alone finalized, its order of proof and cannot fully anticipate which statements it may use in its case-in-chief. I appreciate the government's position. Deciding severance motions early on in a case can be difficult. At this point, however, I see no basis for overturning the magistrate judge's order.